IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| PBM PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:09cv269 (JRS) |
| MEAD JOHNSON NUTRITION COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and MEAD JOHNSON & COMPANY, | ) | |
| | ) | |
| Defendant and Counterclaim-plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PBM PRODUCTS, LLC, and PAUL MANNING, | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |
| | ) | |

## DECLARATION OF PAUL B. MANNING

Paul B. Manning, under penalty of perjury, declares as follows:

1.     I am the President and Chief Executive Officer of PBM Products, LLC ("PBM").  I submit this declaration in support of PBM's motion for partial summary judgment dismissing Counts II, III and IV of the counterclaims of counterclaim plaintiff Mead Johnson & Company, and my motion for summary judgment dismissing Count II of Mead Johnson's counterclaims.

2.      PBM is the largest domestic manufacturer and distributor of "store brand" infant formulas, accounting for over 97% of store brand infant formula sales nationwide.

3.      PBM's infant formulas are manufactured in accordance with the Infant Formula Act of 1980 and United States Food and Drug Administration guidelines.

4.      PBM's infant formulas compete directly with "name brand" infant formulas such as Enfamil and Similac.

5.      PBM's infant formulas are marketed under the labels of various large nationwide retailers such as Kroger, Walmart and Target.  These retailers sell PBM's formulas to consumers for up to 50% less than name brand baby formulas, saving customers on average $600 a year.

6.      Since 1997, PBM has marketed a routine infant formula.

7.      Since 2006, PBM has marketed a "gentle" infant formula containing partially broken down whey protein.

8.      Since 2009, PBM has marketed an infant formula with added rice starch.

9.      PBM adds the nutrients dcosahexaenoic acid ("DHA") and arichidonic acid ("ARA") into its infant formulas.  PBM uses the generic term "lipids" to describe the addition of DHA and ARA in its products.

10.     In the mid-2000's, PBM and other infant formula manufacturers phased out non-lipid formulas in favor of lipid formulas.

11.     Since 2003, PBM has marketed its routine formula at certain stores with a label that states, "Compare to Enfamil Lipil," or "Compare to Enfamil Lipil & Similac Advance."

12.     Since 2006, PBM has marketed its Gentle formula at certain stores with labels that state "Compare to Enfamil Gentlease LIPIL" and/or "Partially Broken Down Whey Protein."

13.     Since 2009, PBM has marketed its added rice starch formula with a label that says "Compare to Enfamil A.R. LIPIL."

14.     Since 2001, PBM has sued Mead Johnson three times for false advertising under the Lanham Act.

15.     PBM's current complaint, filed in April 2009, alleges that Mead Johnson's current advertising claims touting the supposed superiority of Enfamil Lipil over store brands such as PBM's formulas are false.

16.     In a related press release issued on April 28, 2009, PBM described the allegations in its complaint against Mead Johnson (the "Press Release").  A true copy of the Press Release is annexed as Exhibit 22 to the Declaration of Harold P. Weinberger, Esq., dated September 23, 2009.

17.     In the Press Release, PBM summarized the allegations in its complaint, including the fact that this is the third time it has had to sue Mead Johnson for false advertising, and that the prior lawsuits resulted in injunctions against Mead Johnson's false advertising.

18.     In the Press Release, I stated:  "The two previous times we sued Mead Johnson for false and misleading advertisements, the court ruled in favor of PBM and Mead Johnson's senior executives and scientists admitted that Mead Johnson's statements were literally false.  After three strikes, we believe Mead Johnson should be out of the false advertisement business when it comes to baby formula."

19.     My statement is based on the facts that (i) in the previous two false advertising actions, the Court entered orders enjoining Mead Johnson from continuing to spread its false claims about PBM's products, and (ii) Mead Johnson employees admitted that Mead Johnson's claims were false.

20.     I believed at the time the Press Release was issued, and continue to believe to this day, that all of the statements in the Press Release were truthful and accurate, and I have never doubted, nor had reason to doubt, the truthfulness and accuracy of those statements.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2009.

_____
Paul B. Manning