IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PBM PRODUCTS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MEAD JOHNSON NUTRITION COMPANY<br>and MEAD JOHNSON & COMPANY,<br><br>　　　　　　　　　　Defendant. | Action No. 3:09-CV-269 |

### MEMORANDUM OPINION

THIS MATTER is before the Court on Mead Johnson Nutrition Company's Motion to Dismiss (Docket No. 25) based on Rules 12(b)(2) and 12(b)(6). For the reasons stated below, the 12(b)(2) Motion to Dismiss is GRANTED and the 12(b)(6) Motion to Dismiss is DENIED as MOOT.

### BACKGROUND

Plaintiff, PBM Products, LLC ("PBM"), a corporate resident of Virginia and producer of store brand infant formulas, has brought this suit against Defendants Mead Johnson Nutrition Co. ("MJNC") and its subsidiary Mead Johnson & Co. ("Mead Johnson"), alleging violations of the Lanham Act and commercial disparagement. Although Mead Johnson does not dispute personal jurisdiction as to it, MJNC—a Delaware corporation with its principal place of business in Evansville, Indiana—has filed a Motion to Dismiss, arguing that it is not subject to personal jurisdiction in Virginia.

PBM's complaint focuses on an advertisement ("Mailer") (Compl., Ex. D) sent via the United States Postal Service and a web site (Compl., Ex. G) that PBM alleges contain false

1

advertising. The Mailer, which PBM shows has been sent to multiple Virginia residents, explains to its recipients that although Enfamil® may be more expensive than store brand formula, it aids superior development in babies. (Compl., Ex. D.; Pl. PBM's Resp. in Opp. to Def. MJNC's Mot. to Dismiss, Ex. A.) The Mailer directs its reader to www.enfamil.com for additional information. Included with a description of Enfamil's benefits is a coupon for the product, which lists "Mead Johnson & Company" as the entity responsible for issuing the discount. The outside of the envelope in which the Mailer was sent states that it was copyrighted by "Mead Johnson & Company." The return address on the envelope is "Mead Johnson Nutrition, 2400 West Lloyd Expressway—B215, Evansville, IN 47721." In an affidavit supporting its Motion to Dismiss, MJNC's Senior Vice President, General Counsel, and Secretary, William P'Pool, states that MJNC's principal place of business is "2400 West Lloyd Expressway, Evansville, Indiana." (Decl. of W. P'Pool in Supp. Def. MJNC's Mot. to Dismiss, ¶ 4.) The envelope also states that "Mead Johnson Nutrition" paid for the Mailer's postage.

PBM's Complaint also takes issue with a website for Enfamil products, which contains much of the same information as the Mailer. The top of the web page entitled "The LIPIL Difference," explains the history of LIPIL by stating: "In 2002, <u>Mead Johnson Nutrition</u> introduced a new infant formula that changed the way parents looked at feeding their babies." (Compl., Ex. G (emphasis added).) At the bottom of the page appears "Mead Johnson Nutrition" written in a stylized logo format. Adjacent to the logo is a statement indicating that the information is copyrighted by "Mead Johnson & Company." (Compl., Ex. G.) Visitors to the website can purchase Enfamil products, including LIPIL. (Pl. PBM's

2

Resp. in Opp. to Def. MJNC's Mot. to Dismiss, 8.)

## DISCUSSION

### I. PERSONAL JURISDICTION

In a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over each defendant, typically by a preponderance of the evidence. Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 59–60 (4th Cir. 1993). When, however, as here, this Court must decide a pretrial personal jurisdiction motion prior to an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). When making its decision, a district court may look to both plaintiff and defendant's proffered proof and, when doing so, should give Plaintiff the benefit of any "favorable inferences" supported by the record. Mylan Labs, 2 F.3d at 62. Although the standard may be forgiving, neither blanket conclusory allegations as to multiple defendants, Sterne v. Thompson, No. 05-cv-477, 2005 WL 2563179, *4 (E.D. Va. Oct. 7, 2005), nor simply showing a parent-subsidiary relationship can support jurisdiction, Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005).

To determine whether jurisdiction is proper, the Court must make a two-part inquiry. Peanut Corp. of Am. v. Hollywood Brands, Inc., 696 F.2d 311, 313 (4th Cir. 1982). First, the Court determines whether the Virginia long-arm statute provides jurisdiction.[1] Id. Second, the Court determines whether the exercise of jurisdiction would comport with

---

[1] The Lanham Act does not permit the national service that would eliminate the need to comply with Virginia's long-arm statute. See Noble Sec., Inc. v. MIZ Eng'g, Ltd., 611 F. Supp. 2d 513, 554 (E.D. Va. 2009).

due process. Id.

### A. Legal Standard

Virginia law provides in relevant part that:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> 1. Transacting any business in this Commonwealth;
> ...
> 3. Causing tortious injury by an act or omission in this Commonwealth;
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth....

Va. Code. Ann. § 8.01-328.1(A). Virginia, like other states, expands its specific grants of personal jurisdiction as far as the Due Process Clause allows. See Va. Code Ann. § 8.01-328.1(A)(1); Peninsula Cruise, Inc. v. New River Yacht Sales, Inc., 512 S.E.2d 560 (Va. 1999). For that reason, the two personal jurisdiction inquires are interrelated. See Kolbe, Inc. v. Chromodern Chair Co., Inc., 180 S.E.2d 664, 667 (Va. 1971). While interrelated, the Fourth Circuit has not abolished the long-arm analysis; rather, this Circuit has insisted that contacts that satisfy due process will not necessarily meet Virginia's statutory requirements. Guthrie v. Flanagan, 2007 WL 4224722, No. 07-cv-479, *2 (E.D. Va. Nov. 27, 2007) (citing New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294-95 n.6 (4th Cir. 2005)). Accordingly, a Plaintiff must still plead a specific provision of the long-arm statute. New Wellington Fin., 416 F.3d at 294-95 n.6.

The second step in the personal jurisdiction analysis evaluates whether a non-resident defendant has certain minimum contacts with the forum state such that the

exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc., 301 F. Supp. 2d 545, 549 (4th Cir. 2004). To establish minimum contacts, the contacts must be such that the non-resident defendant "purposefully availed" itself of the privilege of the laws of the forum, so as to ensure that the non-resident defendant has warning that their activities may subject it to litigation within the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

Depending on the contacts, jurisdiction may be proper based on general or specific jurisdiction. General jurisdiction exists where a defendant's activities in the forum state are "continuous and systemic." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005) (noting that "[t]he threshold level of minimum contacts sufficient to confer general jurisdiction is significantly higher than [that required] for specific jurisdiction). In contrast, specific jurisdiction can only be asserted if the contacts relate to the very reason why the parties are in court. Under this approach, the Court must consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

B. Analysis

As an initial matter, this Court finds that PBM has failed to establish that Defendant MJNC itself has sufficient contacts with Virginia necessary for either general or specific

personal jurisdiction. MJNC, a Delaware corporation with its principal place of business in Indiana, has no offices in Virginia, none of its officers reside here, none of its corporate files are here, and it does not advertise or otherwise promote itself in this Commonwealth. Nor does it conduct business or have a registered agent in Virginia.

Confronted with these facts, PBM attempts to keep its argument alive, the only way it can, by asserting that MJNC's subsidiary's actions in Virginia provide a basis for personal jurisdiction over MJNC. PBM alleges that Mead Johnson & Co.—an entity over which this Court does have jurisdiction—is MJNC's agent for business and jurisdictional purposes. Generally, it is true that a court can impute the behavior of an instate subsidiary to an out-of-state parent corporation if the plaintiff proves that the defendant operates in state through an agent. Va. Code Ann. § 8.01-328.1(A). It is also true that a court can assert jurisdiction over a parent corporation if the plaintiff's evidence demonstrates that the subsidiary is a fictitious shield erected by the parent to protect itself from liability. Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Man., Inc., 519 F.2d 634 (8th Cir. 1975). Thus, for the court to exercise in personam jurisdiction over a defendant parent corporation, the plaintiff must show (1) that the subsidiary's activities in Virginia are sufficient to confer jurisdiction and (2) that the relationship between the parent and its subsidiary is such that the subsidiary's actions can be imputed to the parent. Omega Homes, Inc. v. Citicorp Acceptance Co., 656 F. Supp. 393, 400 (W.D. Va. 1987).

Here, although PBM meets the first requirement, the evidence submitted does not establish the type of relationship between MJNC and Mead Johnson necessary to impute Mead Johnson's contacts with this forum to MJNC. MJNC's corporate representative

reported that it is Mead Johnson that does business under the name "Mead Johnson Nutritional" and, more recently, "Mead Johnson Nutrition." (Def. MJNC's Reply Mem. in Supp. Mot. to Dismiss, 2.) This assertion is supported by the fact that the Mailer and website at issue in this case explicitly state that the information is copyrighted by Mead Johnson, and by documents showing Mead Johnson has a trademark application pending for the Mead Johnson Nutrition logo. (Compl., Ex. G.; Def. MJNC's Reply Mem. in Supp. Mot. to Dismiss, Exs. A, B.) Moreover, as MJNC's counsel reported during oral argument, the Mailer was created prior to the corporate reorganization that formed the parent holding company MJNC in the first place. Thus, MJNC could not have sent the Mailer. Likewise, the website's reference to a 2002 development by "Mead Johnson Nutrition" could not refer to MJNC because it had yet to be created.

Even if MJNC did exist at the time one of the Mailer's was sent or the website was created, MJNC is not involved in the advertising, distribution, or marketing of Mead Johnson products, such as Enfamil. (Decl. of W. P'Pool in Supp. Def. MJNC's Mot. to Dismiss ¶ 8; Decl. of W. P'Pool in Supp. Def. MJNC's Reply Mem. in Supp. Mot. to Dismiss ¶ 6.) In PBM's view, MJNC's Prospectus and its use of the collective "we" to refer to MJNC and its subsidiaries belies any separation between MJNC and Mead Johnson. (Compl., Ex. A.) This type of language, however, is common to SEC filings and does not rebut the language in the Prospectus stating that MJNC does all its business through its subsidiaries. Although MJNC and Mead Johnson may have had the same address, there is no evidence that MJNC controls the services that flow through its subsidiaries or that it maintains its subsidiaries solely to shield itself from legal liability. Ultimately, the subsidiary Mead Johnson is not MJNC's

agent and their actions should not be imputed to MJNC.

Having found that PBM has failed to prove that MJNC satisfies any provision of Virginia's long-arm statute, it is unnecessary for the Court to consider whether its exercise of jurisdiction would violate MJNC's right to due process of law.

### C. Jurisdictional Discovery

PBM also contends that at a minimum jurisdictional discovery should be granted to further explore the relationship between Mead Johnson and its parent company, MJNC. Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted. Myan Labs., Inc. v. Akzo, 2 F.3d 56, 64 (4th Cir. 1993). But the Fourth Circuit has indicated that jurisdictional discovery may not be used as a "fishing expedition." See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402-03 (4th Cir. 2003). Although limited discovery may be warranted to explore jurisdictional facts in some cases, see McLaughlin v. McPhail, 707 F.2d 800, 806-07 (4th Cir. 1983) (per curiam), this is not such a case. Here, there does not exist in the record any specific facts that could establish the requisite contacts with Virginia or that would warrant jurisdictional discovery. See Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition.").

### II. FAILURE TO STATE A CLAIM

Considering that this Court has granted MJNC's Motion to Dismiss for lack of

personal jurisdiction, MJNC's Rule 12(b)(6) argument is moot and need not be addressed.

III. CONCLUSION

As stated above, because PBM has failed to establish that MJNC has the requisite contacts with this forum or that its subsidiary's contacts should be imputed to it, MJNC's Motion to Dismiss for lack of personal jurisdiction is GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 28th day of September 2009