IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

PBM PRODUCTS,

                  Plaintiff,

v.                                            Action No. 3:09–CV–269

MEAD JOHNSON NUTRITION COMPANY
and MEAD JOHNSON & COMPANY,

                  Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on PBM's Motion for Leave to File Amended Complaint (Docket No. 87). For the reasons stated below, the Court GRANTS the Motion.

## I. PROCEDURAL BACKGROUND

Plaintiff, PBM Products, LLC ("PBM") has brought this suit against Defendants Mead Johnson Nutrition Co. and Mead Johnson & Co. ("Mead Johnson"), alleging violations of the Lanham Act and commercial disparagement. The Complaint, filed on April 27, 2009, did not include PBM Nutritionals, LLC, PBM's sister company, as a party plaintiff. On September 17, 2009, PBM filed this Motion seeking to amend its Complaint to add PBM Nutritionals as a plaintiff. Under this Court's Scheduling Order (Docket No. 34), discovery ended on September 22, 2009 and the deadline for all dispositive motions was on September 23, 2009.

## II. DISCUSSION

### A. Applicable Amendment Rule

To begin, the parties disagree about what standard the Court should use to decide this Motion. PBM asserts that the liberal amendment provision of Rule 15 of the Federal Rules of

Civil Procedure applies and is satisfied in this case. Mead Johnson avers that the more stringent "good cause" standard of Rule 16(b) should apply because adding PBM Nutritionals will alter the Scheduling Order. Also, although both parties agree that the joinder requirements of Rule 20(a) must be met, they disagree on whether they are actually met in this case.

      The Fourth Circuit has noted that there is a tension between Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). On the one hand, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." And that a motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. Id. On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Id. Once the scheduling order is set, it is the timelines within that document that control and the "good cause" standard of Rule 16 that governs any amendments to pleadings. See Montgomery v. Anne Arundel County, 182 Fed. Appx. 156, 162 (4th Cir. 2006) (upholding a district court's refusal to grant an amendment after the scheduling order deadline on the basis of Rule 16(b)); Nourison Rug Corp., 535 F.3d at 298 (same). Under Rule 16, the "good cause" standard focuses on the diligence of the moving party. Montgomery, 182 Fed. Appx. at 162.

      That framework creates two questions in this case. First, would the requested addition of PBM Nutritionals require altering the scheduling order? If so, the second question becomes has PBM shown "good cause" to permit the amendment? As to the first question, the parties disagree on whether additional discovery will be required if the Motion is

granted. PBM argues that Rule 16 does not apply here because adding PBM Nutritionals will not require additional discovery. It professes that the two entities have been treated the same throughout discovery and adequate information has been provided to Mead Johnson on the both of them. (PBM Mot for Leave 4-6.) To rebut that contention, Mead Johnson argues that discovery would be needed to fully evaluate whether PBM's damage calculations are accurate, whether PBM Nutritionals has standing, and whether PBM Nutritionals should be added as a counter-defendant. (Mead Johnson Mem. in Opp. to Mot. for Leave 2-4.)

After a hearing on this issue and a full review of the submitted briefs, the Court finds that no additional discovery will be required. PBM has not made a distinction between PBM and PBM Nutritionals due to their close corporate relationship and discovery has proceeded on this basis. No standing inquiry would be required here, as it is simply unavoidable that if PBM's commercial interests are harmed, so too will its main—if not only—manufacturer's, PBM Nutritionals. See Made in the USA Found. v. Phillips Food, Inc., 365 F.3d 278, 280 (4th Cir. 2004). Adding PBM Nutritionals will not require additional discovery as to damages either. In fact, bringing PBM Nutritionals into the case makes PBM's damages more accurate, whereas not brining them in would do the opposite and could require additional discovery and time extensions to parse out the damages sustained by the two entities. Mead Johnson's own expert stated that if PBM and PBM Nutritionals are considered together, he would be able to analyze the costs and profits of both companies. (PBM's Reply Mot. to Leave, 9; Ex. 7, at 230-32.)

Because no additional discovery is required, the Scheduling Order will not need to be altered. As a result, the liberal amendment provision of Rule 15 applies in this case. Here,

there is no evidence of bad faith or undue delay or prejudice that would counsel against adding PBM Nutritionals as a party. Thus, Rule 15 is satisfied.

### B. Permissive Party Joinder Under Fed. R. Civ. Pro. 20

Under Fed. R. Civ. Pro. 20, another party can join an existing suit when the claim for relief sought by the new party arises out of single transaction or occurrence as the existing claim and there are common questions of law or fact with the existing claim. This joinder provision is liberally construed by the courts. See e.g., Jonas v. Conrath, 149 F.R.D. 520, 523 (S.D. W. Va. 1993). However, if joinder would result in prejudice, expense, or delay, it may be denied. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007).

Mead Johnson suggests that PBM cannot meet the requirements of Rule 20 because PBM has not alleged sufficient facts for this Court to determine whether there are common factual and legal issues, as is required by the Rule. Mead Johnson believes PBM has failed to provide the specific commercial and corporate relationship that is necessary to join a new party. Mead Johnson further notes that even if the Rule's requirements are met, the Motion should be denied because joinder would satisfy the prejudice and delay standard that this Circuit has held permits denial. As Mead Johnson sees it, adding PBM Nutritionals would require significant discovery and attention by its experts.

PBM rejects Mead Johnson's view, arguing that Rule 20 is liberally construed and that this situation meets the requirements for permissive joinder. To rebut Mead Johnson's prejudice argument, PBM points out that Mead Johnson has also known since the complaint was filed that damages would be sought in connection with both the manufacturing and distribution of PBM's products, thus it should not be surprised that PBM wants to add its

manufacturer, PBM Nutritionals. PBM adds that Mead Johnson has known that the damages calculations include PBM Nutritionals and that this Motion only became an issue after it became clear that Mead Johnson's expert was going to contest this combination as improper. In fact, PBM believes that failing to add PBM Nutritionals would result in delay and prejudice because the damages calculations would have to be redone and PBM Nutritionals would simply have to file its own suit against Mead Johnson, thereby impeding judicial economy.

In line with the Court's above holding, the Court finds that the requirements of Rule 20 have been satisfied. PBM Nutritionals' alleged injuries at the hands of Mead Johnson will involve the same occurrences and common questions of law and fact as those applicable to PBM Nutritional's distributor, PBM. As stated above, no delay will result from this joinder because the parties have proceeded on the assumption that the two entities were both damaged throughout discovery. For those reasons, the Court GRANTS the Motion for Leave to Amend.

### III. CONCLUSION

For the above stated reasons, the Court concludes that Rule 15 and Rule 20 of the Federal Rules of Civil Procedure apply and are satisfied in this case. On that basis, the Motion is GRANTED. An appropriate Order will accompany this Memorandum.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this __1st__ day December 2009