IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PBM PRODUCTS, LLC and PBM NUTRITIONALS, LLC<br><br>                                        Plaintiff,<br><br>   v.<br><br>MEAD JOHNSON NUTRITION COMPANY and MEAD JOHNSON & COMPANY,<br><br>                                      Defendant. | Action No. 3:09–CV–269 |

**ORDER**

THIS MATTER comes before the Court to resolve the laches defense that Mead Johnson Nutrition Company and Mead Johnson & Company (collectively "Mead Johnson") raise in response to PBM Products, LLC and PBM Nutritionals, LLC's (collectively "PBM") Lanham Act claim. Mead Johnson asserted this defense during the jury trial held in this matter on November 2-10, 2009.

As an equitable defense, the laches argument must be resolved by the Court. E.E.O.C. v. Navy Federal Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). In evaluating the laches issue, the Court notes that because the Lanham Act provides no express statute of limitations for filing false advertising claims, it is proper to use the analogous state limitations period. See Reed v. United Transp. Union, 488 U.S. 319, 323-24 (1989). The analogous state limitation period for this matter is the limitations period under Virginia's action for fraud, which has a two year limitations period. See Va. Code § 8.01-243(A); Unlimited Screw Prods., Inc. v. Malm, 781 F. Supp. 1121, 1125-26 (E.D. Va. 1991).

In order to prevail on this defense, Mead Johnson has the burden of proving (1) lack of diligence by PBM in pursuing its Lanham Act claim, and (2) prejudice to Mead Johnson resulting from PBM's lack of diligence.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121-22 (2002).  Lack of diligence is demonstrated when "a plaintiff has unreasonably delayed in pursuing his claim."  White v. Daniel, 909 F.2d 99, 102 (4th Cir. 1990).  There is no per se rule that defines an "unreasonable" time period.  U.S. E.E.O.C. v. Worthington, Moore & Jacobs, Inc., 582 F. Supp. 2d 731, 735 (D. Md. 2008).  Nor is there a bright line test for determining when a defendant has suffered substantial prejudice.  Id.  Prejudice can include the unavailability of witnesses, changed circumstances, and the loss of pertinent records.  Id.

In this case, Mead Johnson has failed to prove that PBM has not diligently pursued its Lanham Act claim.  Mead Johnson attempts to make its laches case by plucking out bits and pieces of the 2008 Mailer and pointing to those bits and pieces in earlier Mead Johnson advertisements as evidence that certain claims have been made for more than two years.  The Fourth Circuit has held, however, that when evaluating consumer deception, an advertisement must be viewed in context.  Scotts v. United Indus. Corp., 315 F.3d 264, 275 (4th Cir. 2002).  The 2008 Mailer taken as a whole and in context clearly takes a new approach in tone and message towards store brand infant formula.  Mead Johnson consciously decided that its marketing should be more aggressive and risky as it witnessed a decrease in its sales and an increase in store brand sales.  (PBM Trial Ex. 51, at 12-13.)  The 2008 Mailer and its attack on store brands was the result of that marketing decision.

On these facts, the Court finds that Mead Johnson has not shown that PBM lacked diligence in pursuing its Lanham Act claim.

In light of the above resolution of the laches defense, the jury's verdict in favor of PBM on its Lanham Act claim, and the Court's authority under 15 U.S.C. § 1116(a), the Court deems it proper to grant PBM's request for injunctive relief. Accordingly, it is hereby Adjudged, ORDERED, and Decreed, that:

(1) Mead Johnson is immediately enjoined and restrained, directly and indirectly, and whether alone or in concert with others, including any agent, employee, representative, subsidiary, or affiliate of Mead Johnson, from doing any of the following:

(A) publishing or circulating any advertisement, promotional material, or other literature that bears any designation, description, or representation concerning PBM's infant formula that is false, including that, "It may be tempting to try a less expensive store brand, but only Enfamil LIPIL is clinically proven to improve brain and eye development," or "There are plenty of other ways to save on baby expenses without cutting back on nutrition," or from implying the same.

(B) making any false statement or representation concerning PBM's infant formula that is false, including that, "It may be tempting to try a less expensive store brand, but only Enfamil LIPIL is clinically proven to improve brain and eye development," or "There are plenty of other ways to save on baby expenses without cutting back on nutrition," or from implying the same.

(2) Mead Johnson is DIRECTED to retrieve any and all advertisements, promotional materials or other literature containing the aforementioned assertions, claims, or allegations regarding PBM's store brand formula from the public forum.

(3) This Order shall remain in full force until such time as this Court specifically orders otherwise.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this __1st__ day of December 2009